UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
        :
**FREEDOM MORTGAGE CORPORATION**,
        :
              Plaintiff,
        :   **MEMORANDUM DECISION AND ORDER**
      – against –
        :
          22-CV-7494 (AMD) (ST)
        :
**DAMARIS GELMI**,
        :
              Defendant.
        :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      On December 9, 2022, the plaintiff Freedom Mortgage Corporation brought this action against the defendant to foreclose on a mortgage encumbering 117 Linwood Avenue, North Bellmore, NY 11710. (ECF No. 1.) On January 19, 2023, the defendant brought a counter claim alleging that the mortgagor breached their agreement, seeking attorneys' fees and costs incurred. (ECF No. 9 at 9.) On June 13, 2023, the Court granted the plaintiff's request to dismiss its claims voluntarily because the parties reached a settlement. (*ECF Order dated June 13, 2023.*) The Court also noted that the plaintiff "represented that the parties' settlement agreement provides for dismissal of the defendant's counterclaim," and that "[i]f the plaintiff wishes to dismiss the counterclaim," she must "move to enforce the settlement agreement" or "submit a joint stipulation" dismissing the counterclaim. (*Id.*) On October 26, 2023, the plaintiff informed the Court that it "mailed the defendant a stipulation to cancel the action," but that the defendant "failed to return the executed stipulation," and that the office "had been unable to reach the pro se Defendant." (ECF No. 18.) The plaintiff requested "that this matter be marked settled as the loan is no longer in default." (*Id.*) On December 11, 2023, the Court ordered the defendant to show cause by January 5, 2024 as to why the counterclaim "should not be dismissed for failure

to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure or the inherent powers of the Court," and the defendant was warned that if she did not make such a showing, her counter claim would be dismissed for failure to prosecute.  (*ECF Order dated Dec. 11, 2023.*)

To date, the defendant has not responded to the order to show cause, nor has she communicated with the Court.  Accordingly, the defendant's counterclaim is dismissed for failure to prosecute.  *Est. of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 197–98 (E.D.N.Y. 2011) (dismissing for failure to prosecute where it was "apparent that Defendants have stopped prosecuting their counterclaims"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("[A] federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute . . . .").  The Clerk of Court is directed to enter judgment, close this case and mail a copy of this order to the defendant.

**SO ORDERED.**

                                                          s/Ann M. Donnelly

                                                          ANN M. DONNELLY
                                                          United States District Judge

Dated: Brooklyn, New York
       April 4, 2024